Document    Page 1 of 4

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

```
------------------------------------------------------------X
In re:                                          :
                                                :        CHAPTER 7
CRISTINA M. OGALIN,                             :
                                                :        CASE NO. 10-52433 (JAM)
Debtor.                                         :
------------------------------------------------------------X
CRISTINA M. OGALIN,                             :
                                                :
Plaintiff.                                      :        ADV. PROC. NO. 15-05004 (JAM)
                                                :
V                                               :
                                                :
THE CADLE COMPANY,                              :
                                                :
Defendant.                                      :
------------------------------------------------------------X
```

### MEMORANDUM OF DECISION ON COMPLAINT

**I.    Background**

On October 7, 2010, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 10-52433). On February 2, 2015, the Debtor/Plaintiff (the "Plaintiff") commenced an adversary proceeding (Adv. Proc. No. 15-05004)[1] by filing a two-count Complaint seeking to avoid judicial liens held by the Defendant (the "Complaint"). The first count of the Complaint seeks to avoid judicial liens held by the Defendant which are attached to certain real property in Fairfield, Connecticut. The second count of the Complaint seeks to avoid judicial liens held by the Defendant which are attached to certain real property in Stratford, Connecticut.

---

[1] Unless otherwise specified, all future docket references are to the adversary proceeding, Adv. Proc. No. 15-05004.

On March 5, 2015, the Defendant filed an Answer to the Complaint and special defenses, asserting that the Plaintiff cannot avoid the liens because the Plaintiff is not entitled to discharge a debt under § 727.  On May 29, 2018, the Defendant abandoned the special defenses by filing an Amended Answer[2] (the "Amended Answer," ECF No. 51).

On February 5, 2016, pursuant to Fed. R. Civ. P. 41, made applicable in this adversary proceeding by Fed. R. Bankr. P. 7041, the Plaintiff filed a stipulation agreement seeking to voluntarily dismiss the first count of the Complaint (ECF No. 28), which was amended on March 14, 2016 (the "Amended Stipulation Agreement of Voluntary Dismissal of the First Count of the Complaint," ECF No. 31).  On March 21, 2016, the Court entered an Order approving the Amended Stipulation Agreement of Voluntary Dismissal of the First Count of the Complaint (the "Order on Amended Stipulation," ECF No. 33).  Subsequent to the entry of the Order on Amended Stipulation, the Plaintiff did not file an amended complaint.  Therefore, the second count seeking relief under § 522(f) is the only remaining count of the Complaint.

On April 23, 2018, the Plaintiff filed a stipulation of facts (the "Stipulation of Facts," ECF No. 49), setting forth the factual basis for the § 522(f) relief sought by the Plaintiff.  A status conference was held on April 24, 2018.  During the status conference, the parties agreed that the Court should enter a judgment based on the submissions of the parties without a further hearing.  The matter is fully briefed and ripe for adjudication.

---

[2] The Amended Answer was filed without leave of Court or by written consent of the Plaintiff.  *See* Fed. R. Civ. P. 15(a).

## II. Discussion

Rule 41(a) of the Federal Rules of Civil Procedure "permits voluntary dismissal [of] an action, meaning the totality of all component claims asserted against a [] defendant . . . ." *Vogel v. American Kiosk Management*, 371 F. Supp. 2d. 122, 129 (D. Conn. 2005). Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one (21) days after serving it; otherwise, a party may amend its pleading only by leave of court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). Therefore, "a plaintiff wishing to eliminate some but not all claims or issues from the action should amend the complaint under Fed. R. Civ. P. 15(a), rather than dismiss under Fed. R. Civ. P. 41(a)." *Vogel*, 371 F. Supp. 2d. at 129 (citing *Moore's Federal Practice* § 41.21[2] (Matthew Bender 3d Ed. 2004)).

Here, the Amended Stipulation Agreement of Voluntary Dismissal of the First Count of the Complaint was filed under Fed. R. Civ. P. 41(a), not Fed. R. Civ. P. 15(a). Even if the Amended Stipulation Agreement of Voluntary Dismissal was filed under Fed. R. Civ. P. 15(a), the second count of the Complaint seeking to avoid judicial liens under § 522(f) is a contested matter, not an adversary proceeding. *See* Fed. R. Bankr. P. 4003(d) and 7001(2). Unlike an adversary proceeding, a contested matter is initiated by filing a motion rather than a complaint. *Compare* Fed. R. Bankr. P. 7001 and 7003 (requiring the filing of a complaint to commence an adversary proceeding) *with* Fed. R. Bankr. P. 9014 (relief in a contested matter is requested by motion). Although the first count of the Complaint was dismissed, the Plaintiff should have dismissed the entire Complaint and filed a Motion to avoid judicial liens under § 522(f) in her Chapter 7 case. Because the § 522(f) relief cannot be granted in an adversary proceeding, the

3

Court deems the second count of the Complaint to be a Motion to avoid judicial liens under § 522(f) (the "Motion to Avoid Judicial Liens").

Turning to whether the Motion to Avoid Judicial Liens should be granted, the parties agree that on September 24, 2007, the Defendant recorded a judicial lien in the amount of $587,206.00 against the real property commonly known as 3425 Huntington Road, Stratford, Connecticut (the "Property") in Volume 3107 at Page 103 of the Stratford Land Records and in Volume 1442 at Page 842 of the Trumbull Land Records (the "Judicial Lien"). On May 15, 2008, the Defendant filed and recorded an amended judicial lien in Volume 3190 at Page 216 of the Stratford Land Records, and in Volume 1464 at Page 702 of the Trumbull Land Records (the "Amended Judicial Lien," collectively with the Judicial Lien, the "Judicial Liens").

As of the Petition Date, the amount of a mortgage debt on the Property was $342,741.13, and the fair market value of the Property was $300,000.00. Pursuant to Conn. Gen. Stat. § 52-352b(t), the Plaintiff claimed a homestead exemption in the amount of $75,000.00 in connection with her ownership of the Property. Based on the undisputed facts of this case, pursuant to § 522(f)(1)(A), the Plaintiff is entitled to avoid the fixing of the Judicial Liens on her interest in the Property because the Judicial Liens impair the Plaintiff's homestead exemption.

Accordingly, it is hereby

**ORDERED**: Pursuant to § 522(f), the Motion to Avoid Judicial Liens is **GRANTED**, and a separate Order will be entered in the Debtor's Chapter 7 case consistent with this Memorandum of Decision on Complaint; and it is further

**ORDERED**: Upon entry of the Order granting the Motion to Avoid Judicial Liens in the Debtor's Chapter 7 case, the Clerk's Office shall close the adversary proceeding.

Dated at Bridgeport, Connecticut this 2nd day of August, 2018.



*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut